UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE ARGENTINE REPUBLIC, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 09-248 (RBW) |
| NATIONAL GRID PLC, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER**

The Republic of Argentina ("Argentina"), the petitioner in this case, seeks to vacate or modify an arbitral award (the "Award") rendered against it and in favor of respondent National Grid PLC ("National Grid") under the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (2006) (the "FAA"). Petition to Vacate or Modify Arbitration Award ¶ 3. In response, National Grid filed a cross-motion to confirm the Award under the FAA and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, available at 1970 WL 104417 (the "New York Convention" or the "Convention"), arguing, inter alia, that the petition is time-barred under 9 U.S.C. § 12 because Argentina failed to serve notice of the petition within the three-month limitations period prescribed in that statute. Memorandum of Points and Authorities of National Grid PLC In Opposition to Motion to Vacate and In Support of Cross Motion for Confirmation, Recognition and Enforcement and For a Pre-Judgment Bond (the "Resp't's Cross-Mot.") at 13-15. After carefully considering Argentina's petition, National Grid's cross-motion, and all memoranda of law and exhibits submitted

1

with these motions,[1] the Court concludes for the reasons below that it must dismiss Argentina's petition and grant National Grid's cross-motion to confirm the Award.[2]

The Court "must grant" a motion to confirm an arbitral award "unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10-11]." 9 U.S.C. § 9. For the Court to vacate, modify, or correct an arbitral award, the party seeking such relief is required to serve "[n]otice of [the] motion . . . upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Courts have recognized that "[t]here is no statutory or common law exception to this time limitation." Dalal v. Goldman Sachs & Co., 541 F. Supp. 2d 72, 76 (D.D.C. 2008), aff'd, 575 F.3d 725, 726 (D.C. Cir. 2009) (per curiam); see also Webster v. A.T. Kearney, Inc., 507 F.3d 568, 574 (7th Cir. 2007) (denying the petition to vacate because it was filed one day late); Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc., 857 F.2d 1235, 1238 (8th Cir. 1988) (finding no exceptions to the time for service of notice as prescribed under Section 12). In the vast majority of cases, the three-month limitation period commences when the parties are in receipt of the arbitral award. See Sargent v. Paine Webber Jackson & Curtis, Inc., 882 F.2d 529, 531 (D.C. Cir. 1989) (finding that the three-month limitations period started when the arbitrators' decision was received at the relevant address, distinct

---

[1] In addition to Argentina's petition and National Grid's cross-motion, the Court considered the following documents in reaching its decision: (1) the Memorandum of Points and Authorities of the Argentine Republic In Reply to the Opposition of National Grid PLC to the Motion to Vacate Arbitral Award and In Opposition to Cross Motion Seeking Confirmation of the Award (the "Pet'r's Reply"); (2) Memorandum of Points and Authorities In Reply to Petitioner's Opposition to Cross Motion for Confirmation, Recognition and Enforcement and For a Pre-Judgment Bond; and (3) Joint Stipulation and Proposed Order Concerning Service of Process and Scheduling (the "Joint Stipulation").

[2] National Grid also seeks an order from the Court requiring Argentina to post a pre-judgment bond before having its petition considered by the Court. On March 31, 2010, the Court issued an order requiring Argentina to post a pre-judgment bond. Upon further reflection, however, the Court concludes that the posting of a bond is unnecessary, in light of the Court's conclusion here that Argentina's petition to vacate or modify the Award is entirely without merit. Accordingly, the March 31, 2010 Order is vacated, and National Grid's cross-motion for a pre-judgment bond is denied as moot.

from the date the arbitrators made their decision, although acknowledging that there may cases in which the date of receipt is not synonymous with the date of delivery). It is well-settled in this Circuit that "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (citations omitted).

Argentina contends that it served National Grid with notice of its petition on February 4, 2009, Pet'r's Reply at 4, and that such service was timely because Argentina had received the arbitral panel's decision on November 13, 2008, which thereby triggered a deadline of February 13, 2009 for timely service under Section 12 of the FAA.[3] See id., Ex. 1 (Declaration of Adolfo Gustavo Scrinzi) at 12 (providing a certificate with a stamp purportedly showing receipt on November 13, 2008). But there is nothing in the record to support Argentina's claim that it effected service on February 4, 2009; if anything, Argentina conceded in a joint stipulation that National Grid accepted service on February 19, 2009. See Joint Stipulation at 1-2 (reflecting parties' agreement on February 19, 2009 that National Grid would "accept service . . . of the Petition . . . without waiving any defenses that [it] has in this action, including but not limited to defenses based on the timing of service"). In other words, the only proof of service reflected in the record now before the Court shows that service was not properly effected until six days after the expiration of the three-month limitations period. With there being no exception to the limitations period, Dalal, 541 F. Supp. 2d at 76, the Court has no choice but to conclude that Argentina's petition to vacate or modify the Award is time-barred by 9 U.S.C. § 12.

---

[3] The parties disagree as to when the Award was actually delivered to them. National Grid claims that the Award was delivered on November 5, 2008, Resp't's Cross-Mot. at 13, while Argentina asserts that the Award was delivered on November 13, 2008, Pet'r's Reply at 4. The Court need not resolve this dispute, because even if the Court accepts Argentina's argument regarding the date of delivery, it still failed to serve notice of the petition in a timely fashion for the reasons discussed in this Order.

And without any basis for vacatur or modification of the Award under the FAA, the Court must also grant National Grid's cross-motion and confirm the Award pursuant to 9 U.S.C. § 9.[4]

Accordingly, it is

**ORDERED** that the Order issued by the Court on March 31, 2010 is **VACATED**. It is further

**ORDERED** that Argentina's Petition to Vacate or Modify Arbitration Award is **DISMISSED**. It is further

**ORDERED** that National Grid's Cross-Motion for Confirmation, Recognition, and Enforcement of Arbitral Award is **GRANTED**. It is further

**ORDERED** that a **FINAL JUDGMENT** is entered in favor of National Grid against Argentina in the amount of $54,126,338.46. It is further

**ORDERED** that National Grid's Motion for a Pre-Judgment Bond is **DENIED** as moot. It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 7th day of June, 2010.

REGGIE B. WALTON
United States District Judge

---

[4] The Court need not resolve the question of whether National Grid's request to confirm the Award should be denied based on the grounds enumerated under Article V of the New York Convention, as Argentina does not rely on any of these provisions in opposing National Grid's cross-motion. See New York Convention, art. V (authorizing a competent tribunal to deny confirmation of an arbitral award under certain circumstances, including, inter alia, that "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator," or that "[t]he recognition or enforcement of the award would be contrary to the public policy of that country").