APPEAL, CLOSED, STAYED, TYPE–E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:09–cv–00248–RBW
## *Internal Use Only*

ARGENTINE REPUBLIC v. NATIONAL GRID PLC.  
Assigned to: Judge Reggie B. Walton  
Cause: 09:0010 Petition to Vacate Arbitration Award

Date Filed: 02/06/2009  
Date Terminated: 03/31/2010  
Jury Demand: None  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: Federal Question

**Petitioner**

**ARGENTINE REPUBLIC**   represented by   **Paul Saul Haar**
LAW OFFICE OF PAUL HAAR
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 862–4328
Fax: (202) 862–4397
Email: paulhaar@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Fernando Koatz**
GLEASON &KOATZ
230 Park Avenue
Suite 2430
New York, NY 10169
(212) 986–1544
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John P. Gleason**
GLEASON &KOATZ, LLP
122 East 42nd Street
Suite 519
New York, NY 10168
(212) 986–1544
Fax: (212) 986–1379
Email: jgleason@gleasonkoatz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joon Lee**
GLEASON &KOATZ, LLP
122 East 42nd Street
Suite 519
New York, NY 10168
(212) 986–1544

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

| | | |
|---|---|---|
| **NATIONAL GRID PLC.** | represented by | **Alexander A. Yanos** |

FRESHFIELDS BRUCKHAUS
SERINGER US LLP
520 Madison Avenue
34th Floor
New York, NY 10022
(212) 277−4000
Fax: (212) 277−4001
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elliot Friedman**
FRESHFIELDS BRUCKHAUS
SERINGER US LLP
520 Madison Avenue
34th Floor
New York, NY 10022
(212) 277−4000
Fax: (212) 277−4001
Email: elliot.friedman@freshfields.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Laurence Yde**
FRESHFIELDS BRUCKHAUS
DERINGER,LLP
701 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
(202) 777−4530
Fax: (202) 777−4555
Email: paul.yde@freshfields.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/06/2009 | 1 | | APPLICATION TO VACATE ARBITRATION AWARD against NATIONAL GRID PLC. ( Filing fee $ 350 receipt number 4616018178.) filed by ARGENTINE REPUBLIC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Civil Cover Sheet)(tr) (Entered: 02/11/2009) |
| 02/06/2009 | 2 | | NOTICE OF RELATED CASE by ARGENTINE REPUBLIC. Case related to Case No. 08−CV−245. (tr) (Entered: 02/11/2009) |

| | | | |
|---|---|---|---|
| 02/06/2009 | 3 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John P. Gleason, :Firm– Gleason &Koatz, LLP, :Address– 122 East 42nd Street, Suite 519, New York, New York, 10168. Phone No. – (212)986–1544. by ARGENTINE REPUBLIC (tr) (Entered: 02/11/2009) |
| 02/06/2009 | 4 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joon Lee, :Firm– Gleason &Koatz, LLP, :Address– 122 East 42nd Street, Suite 519, New York, New York, 10168. Phone No. – (212)986–1544. by ARGENTINE REPUBLIC (tr) (Entered: 02/11/2009) |
| 02/06/2009 | 5 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Fernando Koatz, :Firm– Gleason &Koatz, LLP, :Address– 122 East 42nd Street, Suite 519, New York, New York, 10168. Phone No. – (212)986–1544. by ARGENTINE REPUBLIC (tr) (Entered: 02/11/2009) |
| 02/10/2009 | 6 | | MOTION for Extension of Time to Serve Respondent by ARGENTINE REPUBLIC (Attachments: # 1 Memorandum in Support, # 2 Declaration of Paul Haar, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Certificate of Service, # 7 Text of Proposed Order)(nmw, ) (Entered: 02/11/2009) |
| 02/11/2009 | | | MINUTE ORDER granting 3 Motion for Leave to Appear Pro Hac Vice; granting 4 Motion for Leave to Appear Pro Hac Vice; granting 5 Motion for Leave to Appear Pro Hac Vice. The Court having considered the Motion for Pro Hac Vice Admission of John P. Gleason, the Motion for Pro Hac Vice Admission of Joon Lee, and the Motion for Pro Hac Vice Admission of Fernando Koatz, all of which were filed by the petitioner on February 6, 2009, and it appearing to the Court that there is good cause to grant the relief requested therein, it is ORDERED that the motions are GRANTED. It is further ORDERED that John P. Gleason, Joon Lee, and Fernando Koatz, Esqs., of Gleason &Koatz, LLP, 122 East 42nd Street, Suite 519, New York, New York 10168, are admitted to practice before this Court pro hac vice. Signed by Judge Reggie B. Walton on 2/11/09. (lcrbw3, ) (Entered: 02/11/2009) |
| 02/24/2009 | 7 | | NOTICE of Appearance by Paul Laurence Yde on behalf of NATIONAL GRID PLC. (Yde, Paul) (Entered: 02/24/2009) |
| 02/26/2009 | 8 | | STIPULATION *AND PROPOSED ORDER CONCERNING SERVICE OF PROCESS AND SCHEDULING* by NATIONAL GRID PLC.. (Gleason, John) (Entered: 02/26/2009) |
| 03/05/2009 | 9 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL GRID PLC. (Yde, Paul) (Entered: 03/05/2009) |
| 03/05/2009 | 10 | | Cross MOTION to Enforce *Arbitral Award* by NATIONAL GRID PLC. (Attachments: # 1 Text of Proposed Order)(Yde, Paul) (Entered: 03/05/2009) |
| 03/05/2009 | 11 | | MOTION for Bond *(for Pre−Judgment Bond)* by NATIONAL GRID PLC. (Attachments: # 1 Text of Proposed Order)(Yde, Paul) (Entered: 03/05/2009) |
| 03/05/2009 | 12 | | RESPONSE re 1 Application to Vacate Arbitration Award, *Opposition to Petition to Vacate or Modify Arbitration Award* filed by NATIONAL GRID PLC.. (Attachments: # 1 Memorandum in Support of Opposition to Motion to Vacate and in Support of Cross Motion for Confirmation, Recognition and Enforcement and For a Pre−Judgment Bond, # 2 Declaration of Alexander A. |

| | | |
|---|---|---|
| | | Yanos in Support of Respondent's Memorandum of Points and Authorities, # 3 Notice Regarding Bulky Exhibit Attachments, # 4 Text of Proposed Order)(Yde, Paul) (Entered: 03/05/2009) |
| 03/05/2009 | 13 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Alexander A. Yanos, :Firm– Freshfields Bruckhaus Deringer US LLP, :Address– 520 Madison Avenue, 34th Floor, New York, New York 10022. Phone No. – 212–277–4000. Fax No. – 212–277–4001 by NATIONAL GRID PLC. (Attachments: # 1 Declaration of Alexander A. Yanos in Support of Motion to Appear Pro Hac Vice, # 2 Text of Proposed Order)(Yde, Paul) (Entered: 03/05/2009) |
| 03/05/2009 | 14 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Elliot Friedman, :Firm– Freshfields Bruckhaus Deringer US LLP, :Address– 520 Madison Avenue, 34th Floor, New York, New York 10022. Phone No. – 212–277–4000. Fax No. – 212–277–4001 by NATIONAL GRID PLC. (Attachments: # 1 Declaration of Elliot Friedman in Support of Motion to Appear Pro Hac Vice, # 2 Text of Proposed Order)(Yde, Paul) (Entered: 03/05/2009) |
| 03/06/2009 | | MINUTE ORDER granting 13 Motion for Leave to Appear Pro Hac Vice. The Court having considered the Motion to Admit Counsel Pro Hac Vice filed by the respondent, and it appearing to the Court that there is good cause to grant the relief requested therein, it is ORDERED that the motion is GRANTED. It is further ORDERED that Alexander A. Yanos, Esq., of Freshfields Bruckhaus Deringer US LLP, 520 Madison Avenue, 34th Floor, New York, New York 10022, is admitted to practice before this Court pro hac vice. Signed by Judge Reggie B. Walton on 3/06/09. (lcrbw3, ) (Entered: 03/06/2009) |
| 03/06/2009 | | MINUTE ORDER granting 14 Motion for Leave to Appear Pro Hac Vice. The Court having considered the Motion to Admit Counsel Pro Hac Vice filed by the respondent, and it appearing to the Court that there is good cause to grant the relief requested therein, it is ORDERED that the motion is GRANTED. It is further ORDERED that Elliot Friedman, Esq., of Freshfields Bruckhaus Deringer US LLP, 520 Madison Avenue, 34th Floor, New York, New York 10022, is admitted to practice before this Court pro hac vice. Signed by Judge Reggie B. Walton on 3/06/09. (lcrbw3, ) (Entered: 03/06/2009) |
| 03/06/2009 | 15 | LARGE ADDITIONAL ATTACHMENT(S) *Exhibits to Declaration of Alexander A. Yanos in Support of Respondent's Memorandum of Points and Authorities* by NATIONAL GRID PLC. 12 Response to Document,, filed by NATIONAL GRID PLC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53)(Yde, Paul) (Entered: 03/06/2009) |
| 03/23/2009 | 16 | ENTERED IN ERROR.....REPLY to opposition to motion re 10 Cross MOTION to Enforce *Arbitral Award*, 11 MOTION for Bond *(for Pre–Judgment Bond)* |

| | | | |
|---|---|---|---|
| | | | filed by ARGENTINE REPUBLIC. (Attachments: # 1 Declaration GLEASON DECLARATION, # 2 Declaration SCRINZI DECLARATION, # 3 Memorandum in Support MEMO OF POINTS &AUTHORITIES)(Gleason, John) Modified on 3/24/2009 (td, ). (Entered: 03/23/2009) |
| 03/23/2009 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 16 Reply to opposition to Motion, was entered in error and counsel was instructed to refile said pleading. (td, ) (Entered: 03/24/2009) |
| 03/24/2009 | 17 | | REPLY to opposition to motion re 1 Cross MOTION to Enforce *Arbitral Award*, 12 MOTION for Bond *(for Pre−Judgment Bond) REPLY TO OPPOSITION AND OPPOSITION TO CROSS MOTION TO ENFORCE AWARD AND IN OPPOSITION TO MOTION FOR BOND* filed by ARGENTINE REPUBLIC. (Attachments: # 1 Declaration SCRINZI DECLARATION IN REPLY TO OPPOSITION AND IN OPPOSITION TO CROSS MOTION, # 2 Declaration GLEASON DECLARATION IN REPLY TO OPPOSITION AND IN OPPOSITION TO CROSS MOTION)(Gleason, John) Modified on 3/25/2009 correcting linkage(td, ). (Entered: 03/24/2009) |
| 03/24/2009 | 18 | | Memorandum in opposition to re 10 Cross MOTION to Enforce *Arbitral Award* filed by ARGENTINE REPUBLIC.; (See Docket Entry No. 17 to view document) (td, ) (Entered: 03/25/2009) |
| 03/30/2009 | 19 | | REPLY re 10 to opposition to Cross Motion for Confirmation, Recognition and Enforcement and For a Pre−Judgment Bond filed by NATIONAL GRID PLC.. (Attachments: # 1 Declaration Supplemental Declaration of Alexander A. Yanos in Support of Respondent's Memorandum of Points and Authorities, # 2 Certificate of Service)(Yde, Paul) Modified on 3/31/2009 correcting linkage(td, ). (Entered: 03/30/2009) |
| 08/17/2009 | | | MINUTE ORDER finding as moot 6 Motion for Extension of Time. The Court having considered the Petitioner's Motion for an Order Extending the Time to Effect Service of Process Pursuant to [Federal Rule of Civil Procedure] 6(b) filed on February 10, 2009, and it appearing to the Court that the petitioner's motion, which seeks relief solely with respect to the deadlines for service of process set forth in the Federal Rules of Civil Procedure and does not implicate any defense raised by the respondent regarding the timeliness of service of the petition in this case, is moot in light of the representations made in the Joint Stipulation and Proposed Order Concerning Service of Process and Scheduling filed on February 26, 2009, it is ORDERED that the motion is DENIED as moot. Signed by Judge Reggie B. Walton on 8/17/09. (lcrbw3, ) (Entered: 08/17/2009) |
| 03/31/2010 | 20 | | VACATED PURSUANT TO ORDER FILED 6/7/2010.....ORDER granting 11 Motion for Pre−Judgment Bond. The respondent's motion for a pre−judgment bond is granted, and the petitioner shall post a bond in the amount of $54,126,338.46 no later than sixty days from the issuance of the forthcoming Memorandum Opinion. Furthermore, this case is stayed and administratively closed until the petitioner has posted the bond set forth in this Order or until further notice from the Court. The petitioner also shall file a status report within fourteen days from the issuance of the forthcoming Memorandum Opinion, informing the Court whether it intends to post the bond, withdraw its petition to vacate or modify the arbitral award, or appeal the Court's decision to the United States Court of Appeals for the District of Columbia Circuit. Finally, this Order shall not be deemed a final order subject to appeal until the Court has issued its |

| | | | |
|---|---|---|---|
| | | | Memorandum Opinion. Signed by Judge Reggie B. Walton on 3/31/2010 (lcrbw1). Modified on 6/8/2010 (znmw, ). (Entered: 03/31/2010) |
| 04/01/2010 | | | Case Stayed (mpt, ) (Entered: 04/01/2010) |
| 04/30/2010 | | | NOTICE is hereby given that due to the complexity of the Court's calendar and superseding matters, the Court is unable to issue the memorandum opinion consistent with its March 31, 2010 Order on the respondent's motion for a pre–judgment bond within thirty days of that Order as originally intended. The Court intends to issue the memorandum opinion within the next thirty days. Signed by Judge Reggie B. Walton on April 30, 2010 (lcrbw1). (Entered: 04/30/2010) |
| 06/07/2010 | 21 | 8 | ORDER dismissing 1 Petition to Vacate or Modify Arbitration Award; granting 10 Cross–Motion for Confirmation, Recognition, and Enforcement of Arbitral Award; denying 11 Motion for a Pre–Judgment Bond. The Order issued by the Court on March 31, 2010 is vacated. Argentina's Petition to Vacate or Modify Arbitration Award is dismissed, and National Grid's Motion for a Pre–Judgment Bond is denied as moot. Furthermore, National Grid's Cross–Motion for Confirmation, Recognition, and Enforcement of Arbitral Award is granted, and a final judgment is entered in favor of National Grid against Argentina in the amount of $54,126,338.46. This case is now closed. Signed by Judge Reggie B. Walton on 6/7/2010 (lcrbw1). (Entered: 06/07/2010) |
| 07/01/2010 | 22 | 7 | NOTICE OF APPEAL re: 21 by ARGENTINE REPUBLIC. Filing fee $ 455, receipt number 0090–2226359. Fee Status: Fee Paid. Parties have been notified. (Gleason, John) Modified to add linkage on 7/2/2010 (td, ). (Entered: 07/01/2010) |

## UNITED STATES DISTRICT COURT
for the

### DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ARGENTINE REPUBLIC, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-248 (RBW) |
| NATIONAL GRID PLC, | ) |
| Respondent. | ) |

**NOTICE OF APPEAL**

Notice is hereby given that The Argentine Republic, petitioner in the above named case, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Order dated June 7, 2010 that granted Defendant National Grid's cross-motion and confirmed that certain arbitral award rendered against The Argentine Republic and in favor of National Grid and denied petitioner's Petition to Vacate or Modify the arbitral award entered in this action on June 7, 2010.

Date:  June 23, 2020      /s/ *John P. Gleason*
       New York, New York     /s/ *Fernando Koatz*
                              John P. Gleason
                              Fernando Koatz

**TO**: Clerk of the Court

                              Gleason & Koatz, LLP
Paul L. Yde, Esq.             122 East 42nd Street
Freshfields Bruckhaus Deringer US LLP   New York, New York 10168
701 Pennsylvania Avenue, N.W. (212) 986-1544
Washington, D.C. 20004        jgleason@gleasonkoatz.com
Attorneys for Respondent BG Group PLC   fkoatz@gleasonkoatz.com
                              Attorneys for Petitioner The Argentine Republic

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| THE ARGENTINE REPUBLIC, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 09-248 (RBW) |
| NATIONAL GRID PLC, | ) |
| Respondent. | ) |

**ORDER**

    The Republic of Argentina ("Argentina"), the petitioner in this case, seeks to vacate or modify an arbitral award (the "Award") rendered against it and in favor of respondent National Grid PLC ("National Grid") under the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (2006) (the "FAA"). Petition to Vacate or Modify Arbitration Award ¶ 3. In response, National Grid filed a cross-motion to confirm the Award under the FAA and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, available at 1970 WL 104417 (the "New York Convention" or the "Convention"), arguing, inter alia, that the petition is time-barred under 9 U.S.C. § 12 because Argentina failed to serve notice of the petition within the three-month limitations period prescribed in that statute. Memorandum of Points and Authorities of National Grid PLC In Opposition to Motion to Vacate and In Support of Cross Motion for Confirmation, Recognition and Enforcement and For a Pre-Judgment Bond (the "Resp't's Cross-Mot.") at 13-15. After carefully considering Argentina's petition, National Grid's cross-motion, and all memoranda of law and exhibits submitted

1

with these motions,[1] the Court concludes for the reasons below that it must dismiss Argentina's petition and grant National Grid's cross-motion to confirm the Award.[2]

The Court "must grant" a motion to confirm an arbitral award "unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10-11]." 9 U.S.C. § 9. For the Court to vacate, modify, or correct an arbitral award, the party seeking such relief is required to serve "[n]otice of [the] motion . . . upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Courts have recognized that "[t]here is no statutory or common law exception to this time limitation." Dalal v. Goldman Sachs & Co., 541 F. Supp. 2d 72, 76 (D.D.C. 2008), aff'd, 575 F.3d 725, 726 (D.C. Cir. 2009) (per curiam); see also Webster v. A.T. Kearney, Inc., 507 F.3d 568, 574 (7th Cir. 2007) (denying the petition to vacate because it was filed one day late); Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc., 857 F.2d 1235, 1238 (8th Cir. 1988) (finding no exceptions to the time for service of notice as prescribed under Section 12). In the vast majority of cases, the three-month limitation period commences when the parties are in receipt of the arbitral award. See Sargent v. Paine Webber Jackson & Curtis, Inc., 882 F.2d 529, 531 (D.C. Cir. 1989) (finding that the three-month limitations period started when the arbitrators' decision was received at the relevant address, distinct

---

[1] In addition to Argentina's petition and National Grid's cross-motion, the Court considered the following documents in reaching its decision: (1) the Memorandum of Points and Authorities of the Argentine Republic In Reply to the Opposition of National Grid PLC to the Motion to Vacate Arbitral Award and In Opposition to Cross Motion Seeking Confirmation of the Award (the "Pet'r's Reply"); (2) Memorandum of Points and Authorities In Reply to Petitioner's Opposition to Cross Motion for Confirmation, Recognition and Enforcement and For a Pre-Judgment Bond; and (3) Joint Stipulation and Proposed Order Concerning Service of Process and Scheduling (the "Joint Stipulation").

[2] National Grid also seeks an order from the Court requiring Argentina to post a pre-judgment bond before having its petition considered by the Court. On March 31, 2010, the Court issued an order requiring Argentina to post a pre-judgment bond. Upon further reflection, however, the Court concludes that the posting of a bond is unnecessary, in light of the Court's conclusion here that Argentina's petition to vacate or modify the Award is entirely without merit. Accordingly, the March 31, 2010 Order is vacated, and National Grid's cross-motion for a pre-judgment bond is denied as moot.

from the date the arbitrators made their decision, although acknowledging that there may cases in which the date of receipt is not synonymous with the date of delivery). It is well-settled in this Circuit that "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (citations omitted).

Argentina contends that it served National Grid with notice of its petition on February 4, 2009, Pet'r's Reply at 4, and that such service was timely because Argentina had received the arbitral panel's decision on November 13, 2008, which thereby triggered a deadline of February 13, 2009 for timely service under Section 12 of the FAA.[3] See id., Ex. 1 (Declaration of Adolfo Gustavo Scrinzi) at 12 (providing a certificate with a stamp purportedly showing receipt on November 13, 2008). But there is nothing in the record to support Argentina's claim that it effected service on February 4, 2009; if anything, Argentina conceded in a joint stipulation that National Grid accepted service on February 19, 2009. See Joint Stipulation at 1-2 (reflecting parties' agreement on February 19, 2009 that National Grid would "accept service . . . of the Petition . . . without waiving any defenses that [it] has in this action, including but not limited to defenses based on the timing of service"). In other words, the only proof of service reflected in the record now before the Court shows that service was not properly effected until six days after the expiration of the three-month limitations period. With there being no exception to the limitations period, Dalal, 541 F. Supp. 2d at 76, the Court has no choice but to conclude that Argentina's petition to vacate or modify the Award is time-barred by 9 U.S.C. § 12.

---

[3] The parties disagree as to when the Award was actually delivered to them. National Grid claims that the Award was delivered on November 5, 2008, Resp't's Cross-Mot. at 13, while Argentina asserts that the Award was delivered on November 13, 2008, Pet'r's Reply at 4. The Court need not resolve this dispute, because even if the Court accepts Argentina's argument regarding the date of delivery, it still failed to serve notice of the petition in a timely fashion for the reasons discussed in this Order.

And without any basis for vacatur or modification of the Award under the FAA, the Court must also grant National Grid's cross-motion and confirm the Award pursuant to 9 U.S.C. § 9.[4]

Accordingly, it is

**ORDERED** that the Order issued by the Court on March 31, 2010 is **VACATED**. It is further

**ORDERED** that Argentina's Petition to Vacate or Modify Arbitration Award is **DISMISSED**. It is further

**ORDERED** that National Grid's Cross-Motion for Confirmation, Recognition, and Enforcement of Arbitral Award is **GRANTED**. It is further

**ORDERED** that a **FINAL JUDGMENT** is entered in favor of National Grid against Argentina in the amount of $54,126,338.46. It is further

**ORDERED** that National Grid's Motion for a Pre-Judgment Bond is **DENIED** as moot. It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 7th day of June, 2010.

REGGIE B. WALTON
United States District Judge

---

[4] The Court need not resolve the question of whether National Grid's request to confirm the Award should be denied based on the grounds enumerated under Article V of the New York Convention, as Argentina does not rely on any of these provisions in opposing National Grid's cross-motion. See New York Convention, art. V (authorizing a competent tribunal to deny confirmation of an arbitral award under certain circumstances, including, inter alia, that "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator," or that "[t]he recognition or enforcement of the award would be contrary to the public policy of that country").